

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00185-CR

———————————————

GORDON RAY LEWIS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR12234

Before Birdwell, J.; Sudderth, C.J.; and Kerr, J.
Per Curiam Memorandum Opinion
Concurring Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Appellant Gordon Ray Lewis is attempting to appeal the denial of his motion for forensic DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 64.01. After missing the regular appellate deadlines, Lewis relied on Rule 4.6 of the Texas Rules of Appellate Procedure as the basis for this court's jurisdiction and claimed that (1) neither he nor his attorney had notice or actual knowledge of the trial court's order within twenty days after the trial court had signed it and (2) his appellate timetables should not have begun until the date he or his counsel received notice or had actual knowledge of the trial court's order. *See* Tex. R. App. P. 4.6. Although the trial court granted Lewis's Rule 4.6 motion, its order did not specify when Lewis or his counsel first had notice or actual knowledge of its order, so we abated the appeal so that the trial court could conduct a hearing to resolve the factual issues underlying its order. *See Lewis v. State*, No. 02-23-00185-CR, 2023 WL 8820311, at *6 (Tex. App.—Fort Worth Dec. 21, 2023, order) (mem. op., not designated for publication). After conducting the hearing, the trial court found that both Lewis and his counsel had notice of its written order within twenty days of its signing. Based on these findings, we hold that Lewis cannot rely on Rule 4.6, that Lewis failed to timely perfect his appeal, and that we must dismiss his appeal for want of jurisdiction. *See* Tex. R. App. P. 4.6.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 21, 2024

2